UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

                Plaintiff,

        -against-

CITY OF N.Y. – DEPARTMENT OF
BUILDINGS, et al.,

                Defendants.

22-CV-9231 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question

jurisdiction, asserting that Defendants conspired to violate his rights in a federal court case. By

order dated February 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court

dismisses the action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

A.     *Torres I* and *Torres II*

In 2016, Plaintiff Wilfredo Torres filed two actions in this court, alleging constitutional

violations stemming from two incidents in which members of the New York City Police

Department ("NYPD") and the Fire Department of New York ("FDNY") entered his home

without a warrant, and on one occasion took him to the hospital without his consent. *See Torres

v. NYC Police Dep't*, No. 16-CV-2362 (RA) (KNF) (S.D.N.Y. Mar. 31, 2021) (*Torres I*); *Torres

v. NYC Police Dep't*, No. 16-CV-2362 (RA) (KNF) (S.D.N.Y. Mar. 31, 2021) (*Torres II*). In

those cases, Plaintiff initially sued the NYPD, the New York City Department of Buildings

("DOB"), and his landlord, Bellevue South Associates ("BSA"). Plaintiff alleged that, on

September 28, 2015, after he complained to the DOB about dangerous fumes entering his

apartment, NYDP officers raided his apartment without a warrant. Further, on April 28, 2016,

FDNY personnel entered Plaintiff's apartment without a warrant and, with the assistance of

NYPD officers, transported him to Bellevue Hospital's Psychiatric Unit, where he remained

overnight.

On June 28, 2016, Judge Ronnie Abrams dismissed Plaintiff's claims against the NYPD

and the DOB "because agencies of the City of New York are not entities that can be sued" and

instead construed the claims as asserted against the City of New York. ECF 1:16-CV-2362, 12,

at 2 (citing N.Y. City Charter ch. 17, § 396); ECF 1:16-CV-3437, 6, at 2 (same). Plaintiff later

amended *Torres I* to add claims against several new defendants, including Dennis McGowan, the

former Executive Director of Investigations for the DOB. Plaintiff asserted that McGowan

caused him harm by asking the NYPD to conduct a wellness check on him, which led to the

NYPD's warrantless entry into Plaintiff's apartment on September 28, 2015. ECF 1:16-CV-

2362, 275 ¶¶ 26-30.

On June 18, 2020, Judge Abrams adopted Magistrate Judge Kenneth Nathaniel Fox's

Report and Recommendation, which recommended that the City of New York's motion for

summary judgement be granted. ECF 1:16-CV-2362, 388. Judge Fox had concluded that the

police officers and firefighters who entered Plaintiff's home on both dates were acting under the

"emergency aid doctrine," an exception to the Fourth Amendment's warrant requirement, and

that Plaintiff had failed to state a *Monell* claim against the City. ECF 1:16-CV-2362, 376, at 24-

27. Judge Abrams later dismissed Plaintiff's claims in *Torres II*, finding that his claims against

the City in *Torres I* and *Torres II* were "substantively identical," and because he had a full

opportunity to be heard on the claims, he could not be allowed to pursue them in the second

action. ECF 1:16-CV-2632, 453, at 4. On January 7, 2021, Judge Abrams dismissed Plaintiff's

claims against McGowan on summary judgment, finding that, because the September 28, 2015,

incident was not unlawful, no reasonable jury could find that McGowan was liable under Section

1983.[1] ECF 1:16-CV-2362, 445, at 4.

**B.      Plaintiff's Allegations**

Plaintiff brings this action against the DOB and McGowan, alleging that they conspired

to interfere in the "prosecution" of his federal cases. (ECF 2, at 2.)[2] He claims that the United

States Government has "erroneously" placed his name on a terrorist list, which resulted in him

being "persecuted, tortured, and denied due process of law by the [c]ourts." (*Id*. at 7.) Plaintiff

also claims the following:

> The government of the United States publicly accepts that its own Central
> Intelligence Agency (CIA) as enforcers of the Deep State, bombed and destroyed
> the World Trade Center on September 11, 2001 ("9-11"); slaughtered over 3,000
> people almost at front of the federal courthouse; blamed others; massacred over 1-
> million innocent men, women and children in the Middle East; got both political
> parties to pass the Orwellian Patriot Act which includes a secret and omnipotent
> court called Foreign Intelligence Surveillance Court (FISC); assigns billions of
> dollars yearly to the fake "war of terror"; and replaced the U.S. Constitution for a
> police state.

---

[1] In 2018, Plaintiff filed two other actions arising from the same incidents asserted in
*Torres I* and *Torres II*. Both actions were dismissed. *See Torres v. NYC Health & Hospitals*, ECF
1:18-CV-4665, 38 (S.D.N.Y. Jan. 7, 2021) (dismissed under doctrine of issue preclusion because
Plaintiff had previously raised identical claims in *Torres I*, which were fully litigated); *Torres v.
The Blackstone Grp.*, ECF 1:18-CV-6434, 30 (S.D.N.Y. Sept. 3, 2019) (dismissed for lack of
state action and no private right of action to bring claims under criminal statutes), *aff'd*, No. 19-
3202 (2d Cir. Dec. 2, 2020).

In 2019, Plaintiff filed a fifth lawsuit in which he asserted that, on February 27, 2019,
NYPD police officers entered his apartment without a warrant and involuntarily transported him
to Bellevue Hospital for a psychiatric examination. That action remains pending before Judge
Edgardo Ramos against several City defendants. *Torres v. City of New York et al*, No. 19-CV-
06332 (ER).

[2] The Court quotes from the complaint and other documents verbatim. Unless otherwise
indicated, all grammar, spelling, punctuation, and emphasis are as in the original.

(*Id*.) Plaintiff alleges that in June, July, and August 2015, he sent letters to President Barack

Obama and other federal officials "denouncing the Deep State-CIA-FBI COINTELPRO

domestic assassinations program, and demanding release of [his] file." (*Id*.) Plaintiff claims that

then President Obama and federal officials retaliated against him on September 28, 2015, by

"ordering CIA-FBI terrorists accompanied by [his] landlord. . ., to break the door of his

apartment and conduct a warrantless raid to kill [him]." (*Id*.) Plaintiff accuses federal officials of

using his complaints to the DOB about an illegal coal-burning stove causing fumes to enter his

apartment as a pretext; that the raid on his apartment was not a wellness check but rather an

effort to include him on the federal terrorist list. He asserts that "CIA terrorist Dennis

McGowan" was the "mastermind" of this operation, using his job at the DOB "to threaten,

intimidate, and prevent the prosecution of [Plaintiff's] federal civil rights cases, such as

19CV6332, against the Deep State-CIA-FBI-COINTELPRO's domestic assassinations

program." (*Id.* at 8.)

Plaintiff seeks money damages and the prosecution of McGowan.

## DISCUSSION

As stated above, in *Torres I*, Plaintiff brought claims against the DOB and McGowan that

were considered on the merits by Judge Abrams and dismissed (1) because, as an agency of the

City of New York, the DOB is not an entity that can be sued; and (2) as the September 28, 2015,

incident was not unlawful, no reasonable jury could find that McGowan was liable under Section

1983. Judge Abrams also construed the claims against the DOB as asserted against the City of

New York, and dismissed them for failure to state a claim for relief. In this new action, Plaintiff

brings claims against the DOB and McGowan arising from the same conduct that was the subject

of litigation in *Torres I*. Plaintiff's claims are barred under the doctrine of claim preclusion.[3]

Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not

bring a new case that includes claims or defenses that were or could have been raised in an

earlier case in which the same parties were involved if that case resulted in a judgment on the

merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "prevents parties from

raising issues that could have been raised and decided in a prior action – even if they were not

actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589,

1594 (2020).

Claim preclusion generally applies if: "(1) the prior decision was a final judgment on the

merits, (2) the litigants were the same parties, (3) the prior court was of competent jurisdiction,

and (4) the causes of action were the same." *In re Motors Liquidation Co.*, 943 F.3d 125, 130 (2d

Cir. 2019) (citation and internal quotation marks omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether

the present claim arises out of the same transaction or series of transactions asserted in the earlier

action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts

essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d

1254, 1260 (2d Cir. 1983). Claims are treated as the same if they "arise from the same

transaction, or involve a common nucleus of operative facts." *Cayuga Nation v. Tanner*, 6 F.4th

---

[3] Although claim preclusion is an affirmative defense to be pleaded in a defendant's
answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*,
*Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on
grounds of issue preclusion even though defendant failed to plead that defense, and noting that
"principles of preclusion involve" not only "the rights and interests of the parties," but also
"important interests of the public and the courts in avoiding repetitive litigation and potentially
inconsistent decisions").

361, 375 (2d Cir. 2021) (quoting *Lucky Brand Dungarees*, 140 S. Ct. at 1595). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Here, all of the requirements for claim preclusion are satisfied. First, Plaintiff filed an earlier action that was adjudicated on the merits; second, the action involved the same parties, the DOB and McGowan; third, the prior court was of competent jurisdiction; and fourth, the claims asserted in this action were, or could have been, raised in the prior action. *See In re Motors Liquidation Co.*, 943 F.3d at 130. Because Plaintiff did bring the claims asserted in this action, and could have brought those claims in *Torres I*, his claims are barred under the doctrine of claim preclusion.

The Court therefore dismisses Plaintiff's complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) (holding that dismissal for failure to state a claim is appropriate where " it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law" by claim preclusion).

The Court cautions Plaintiff that filing repetitive or frivolous litigation in this court may result in an order barring him from filing any new actions in this court IFP without first seeking permission of the court. *See* 28 U.S.C. § 1651.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's complaint as barred by claim preclusion and, therefore,

for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §  1915(e)(2)(B)(ii). All

other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   March 13, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge